Case 4:20-cv-00023-MFU-RSB   Document 1   Filed 04/22/20   Page 1 of 14
Pageid#: 1

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 22 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| SHEILA CREWS, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:20CV00023 |
| | ) | |
| PRINCE CHARLES HOME | ) | |
| HEALTHCARE AGENCY, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES WILLIE GEORGE, | ) | |
|     Defendants. | ) | |

## COMPLAINT

Plaintiff Sheila Crews (*hereinafter* "Plaintiff" or "Mrs. Crews"), by counsel, files this Complaint against Defendants Prince Charles Home Healthcare Agency, LLC (*hereinafter* "Prince Charles") and James Willie George (*hereinafter* "Defendant George") (collectively, *hereinafter* "Defendants"), and as grounds therefore states as follows:

**STATEMENT OF THE CASE, JURISDICTION AND VENUE**

1. This is an action for declaratory judgment, injunctive relief, and monetary damages, to address deprivations of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. (*hereinafter* "Title VII").

2. The Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(a)(4). This Court has supplemental jurisdiction over the state common law tort claims pursuant to 28 U.S.C. § 1367.

3. The claims asserted in this action arose within the Western District of Virginia, and the alleged discrimination/sexual harassment, retaliation, and damage occurred in the

Western District of Virginia. Venue of this action is thus proper pursuant to 42 U.S.C. § 2000e, *et seq*.

4. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Virginia Council on Human Rights in which "[t]he EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the maters alleged in the charge;"[1] received a notice of right to sue dated February 13, 2020; and commenced this action within 90 days of receipt thereof.

5. Defendant Prince Charles provides home health care to individuals residing in the counties of Danville, Blairs, and Pittsylvania, Virginia.

6. At all times material hereto, Prince Charles is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. § 2000e(a). At all times material hereto, Prince Charles was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. § 2000e(b), that is, at all times material hereto, Prince Charles was a person engaged in an industry affecting commerce that had 15 or more employees for each working day in each of twenty or more calendar weeks during the years of Plaintiff's employment or the preceding calendar year.

7. In the alternative, Prince George was at all times relevant herein an employer subject to the Virginia Human Rights Act, Virginia Code §§ 2.2-3900, *et seq.*, in that it employed at least five (5) but no more than 15 employees.

8. At all times material hereto, Defendant George is and was a resident of the Commonwealth of Virginia.

9. At all times material hereto, Plaintiff is and was a resident of the Commonwealth of Virginia, and she was an "employee" of Prince Charles.

---

[1] Notice of Right to Sue, dated February 13, 2020.

## STATEMENT OF FACTS

10. Plaintiff began working for Prince Charles on July 22, 2016 as a personal care aid, *a/k/a* home health care nurse, last making approximately $7.35 per hour. Her job was full-time with benefits, *i.e.,* health and dental insurance, working a maximum of approximately 56 hours per week.

11. Plaintiff's duties included, but were not limited to bathing, grooming, and providing personal hygiene support to patients/clients, managing patients'/clients' medications, and ensuring that patients/clients were properly fed meals, while in the patients'/clients' homes.

12. At all times relevant herein, Prince Charles controlled Plaintiff's schedule and was responsible for assigning work to Plaintiff including that Prince Charles controlled the patients/clients that she was assigned to assist; Plaintiff could not voluntarily assign work to herself.

13. In or about January 2018, Plaintiff's supervisor, Cherise Yuille, who upon information and belief also is an owner of Prince Charles, assigned Plaintiff to care for a new patient/client seven (7) days per week at his home located in Pittsylvania County, Virginia.[2]

14. In addition to Mrs. Crews, Mr. Doe had another person, Betty, who also provided care to him on a daily basis at his home.

15. At times, Betty's husband, Defendant George, would accompany Betty to Mr. Doe's home.

16. While working for Prince Charles, Defendant George sexually harassed Plaintiff, to wit:

---

[2] Due to the confidentiality of protected health information, the name of the new client is not being disclosed herein. This client will be referred to as Doe or Mr. Doe.

    a. While Plaintiff was caring for Mr. Doe on a date between approximately January 29, 2018 and February 9, 2018, Defendant George stood hip to hip next to Plaintiff, bumped Plaintiff's hip with his hip, and otherwise invaded her personal space.

    b. On that same date, Defendant George also chased Plaintiff around Mr. Doe's household, causing Plaintiff to fear for her safety.

17. Defendant George's actions caused Plaintiff to fear for her safety; Plaintiff was so fearful of Defendant George that she had apprehensions about using the bathroom in Mr. Doe's home.

18. Plaintiff reported these unwelcome incidents to Ms. Yuille on or about February 9, 2018.

19. These incidents occurred on at least two (2) occasions during Plaintiff's employment while she was caring for Mr. Doe.

20. Prince Charles did nothing to address Plaintiff's complaints about Defendant George: Prince George did nothing to ensure that Mrs. Crews was not subject to further acts of sexual harassment.

21. On February 12, 2018, while Plaintiff was standing at the stove in Mr. Doe's kitchen, Defendant George forcefully grabbed her by her arms and pulled her toward him such that they were standing face to face.

22. In response, Plaintiff pushed Defendant George away, and stated, "You need to stop. You should be ashamed of your old self."

23. Defendant George replied, "You are so sweet, you look so sweet," and then he laughed.

24. Defendant George's actions on February 12, 2018 caused Plaintiff to fear for her safety so much so that she reported the incident to Ms. Yuille; she informed Ms. Yuille that she was a "little scared" and that she did "not want to be harassed [by Defendant George]."

25. Despite Plaintiff's complaints about Defendant George to Ms. Yuille, Prince Charles did nothing to address her complaints: Prince George subjected Mrs. Crews to further risk of sexual harassment and assault.

26. Two (2) days later, on February 14, 2018, Defendant George walked up to Mrs. Crews as she sat in a chair, grabbed Mrs. Crews' hand, pulled it toward his crotch, and placed it onto his genitals, and stated, "you touch it," or words to that effect.

27. Plaintiff jerked her hand away.

28. On that same date, Defendant George also placed his hands behind Plaintiff's back and thrust his hips forward toward her; Plaintiff could see Defendant George's erect penis through his pants at that time.

29. Again, Plaintiff was so fearful of Defendant George and his actions that she complained to Ms. Yuille about him and his actions, and requested to be assigned to another client/patient because she feared that she would be sexually assaulted further or otherwise harmed by Defendant George if she returned to Mr. Doe's home.

30. In response to Plaintiff's complaint on February 14, 2018, Ms. Yuille told Plaintiff, "just stay busy," and that she needed to continue to care for Mr. Doe until Prince Charles could find someone to replace Plaintiff; Prince George could not risk the loss of revenue if it lost Mr. Doe as a patient/client, and it told Mrs. Crews that if she wanted a job she had to continue caring for Mr. Doe.

Complaint
*Crews v. Prince George, et al.*
Page 6 of 14

31. Several weeks passed, Mrs. Crews continued to care for Mr. Doe because Mrs. Crews was dependent upon her job for her livelihood and Prince George refused to transfer her to another client/patient: she was forced to subject herself to Defendant George's further sexual harassment, sexual assault, and assaults and batteries.

32. On March 28, 2018, Defendant George was present at Mr. Doe's home in his pajamas (shorts and a black jacket) while Mrs. Crews was working to care for Mr. Doe.

33. Mr. Doe was in the kitchen while Plaintiff was filling Mr. Doe's portable bathtub with water for him to sponge bathe himself.

34. Defendant George came into the kitchen while Mr. Doe was bathing himself; he walked past Mrs. Crews and conversed with Mr. Doe; he then returned to the living room.

35. Mrs. Crews then heard Defendant George state, "I reckon' I'll see you all later … I'm gone."

36. At about that time, Mrs. Crews, who presumed that Defendant George had left or was leaving the home, walked into the living room, relieved that Defendant George had left/was leaving; Defendant George, however, was standing in the living room.

37. Defendant George dropped his pajama pants revealing his penis, grabbed his penis, and shook it at Mrs. Crews.

38. Mrs. Crews was horrified: she turned, exited the room, returned to the kitchen, and immediately called Lucille Jones, one of the owners of Prince Charles.

39. Mrs. Crews told Ms. Jones what had just happened.

40. Mrs. Jones told Plaintiff that she had to continue to care for Mr. Doe.

41. Shortly after talking to Jones, Mrs. Crews left Mr. Doe's home, but she returned to Mr. Doe's home on March 29, 2018 to care for him only to be told she was not to work.

42. On March 30, 2018, Plaintiff met Jones at her office.

43. At that time, Ms. Jones told Mrs. Crews that Prince Charles had no placements for her with female patients/clients.

44. As Prince Charles purportedly had no placements for Mrs. Crews with any female patients/clients, Prince Charles laid her off from work.

45. As a result of the incidents involving Defendant George described herein, Plaintiff sought care at Gretna Hospital and counseling from her pastor.

**COUNT I: CLAIM FOR SEX DISCRIMINATION AND HARASSMENT AGAINST PRINCE CHARLES IN VIOLATION OF TITLE VII**

46. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

47. Mrs. Crews was satisfactorily performing her job with Prince Charles.

48. Defendant Prince Charles had a duty to maintain a work environment free of sex discrimination and harassment.

49. Defendants Prince Charles' and George's actions and inactions created a hostile and offensive work environment and interfered with Plaintiff's employment.

50. The hostile and offensive environment was severe and pervasive and altered the terms of Plaintiff's employment.

51. Defendant Prince Charles knew or should have known of the hostile work environment and failed to take prompt remedial action reasonably calculated to redress the complaints lodged by Plaintiff and to end the harassment.

52. Defendant Prince Charles further violated federal law by failing to take action reasonably calculated to prevent sex discrimination and harassment by permitting a work environment to exist that was hostile and offensive to Plaintiff.

53. As a direct and proximate result of Defendant Prince Charles' actions and inactions, Plaintiff has suffered loss of employment, and she has suffered and will continue to suffer serious, and upon information and belief, permanent injuries, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

54. At all times material hereto, Defendant Prince Charles engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of compensatory and punitive damages.

55. The above-described acts and omissions of Defendant Prince Charles constitute sexual harassment and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

**COUNT II: CLAIM FOR SEX DISCRIMINATION AND HARASSMENT AGAINST PRINCE CHARLES IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT**

56. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

57. Mrs. Crews was satisfactorily performing her job with Prince Charles.

58. In the alternative, at all times relevant herein Prince Charles employed at least five (5) but not more than 15 employees.

59. Defendant Prince Charles had a duty to maintain a work environment free of sex discrimination and harassment.

60. Defendants Prince Charles' and George's actions and inactions created a hostile and offensive work environment and interfered with Plaintiff's employment.

61. The hostile and offensive environment was severe and pervasive and altered the terms of Plaintiff's employment.

62. Defendant Prince Charles knew or should have known of the hostile work environment and failed to take prompt remedial action reasonably calculated to redress the complaints lodged by Plaintiff and to end the harassment.

63. Defendant Prince Charles violated state law by failing to take action reasonably calculated to prevent sex discrimination and harassment by permitting a work environment to exist that was hostile and offensive to Plaintiff.

64. As a direct and proximate result of Defendant Prince Charles' actions and inactions, Plaintiff has suffered loss of employment, and she has suffered and will continue to suffer serious, and upon information and belief, permanent injuries, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

65. At all times material hereto, Defendant Prince Charles engaged in a discriminatory practice or practices with malice or reckless indifference to the rights of Plaintiff so as to support an award of compensatory and punitive damages.

66. The above-described acts and omissions of Defendant Prince Charles constitute sexual harassment and sex discrimination in violation of the Virginia Human Rights Act, Virginia Code §§ 2.2-3900, *et seq*.

### COUNT III: TITLE VII CLAIM FOR RETALIATION AGAINST PRINCE CHARLES

67. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

68. Defendant Prince Charles discriminated and retaliated against Plaintiff in violation of federal law in that Prince Charles harassed and retaliated against Plaintiff, forced her to continue to subject herself to harassment and discrimination in order to remain employed, and

terminated her employment for engaging in a protected activity, including complaining to her employer about the harassment and hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

69. As a result of Defendant Prince Charles' retaliatory and discriminatory acts, Plaintiff has suffered loss of employment, and she has suffered and will continue to suffer serious, and upon information and belief, permanent injuries, pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life, and other non-pecuniary loss.

70. Defendant Prince Charles acted willfully toward Plaintiff with actual malice and/or with reckless disregard of the protected rights of Plaintiff so as to support an award of liquidated and exemplary damages.

### COUNT IV: VIRGINIA HUMAN RIGHTS ACT CLAIM FOR RETALIATION AGAINST PRINCE CHARLES

71. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

72. In the alternative, at all times relevant herein Prince Charles employed at least five (5) but not more than 15 employees.

73. Defendant Prince Charles discriminated and retaliated against Plaintiff in violation of state law in that Prince Charles harassed and retaliated against Plaintiff, forced her to continue to subject herself to harassment and discrimination in order to remain employed, and terminated her employment for engaging in a protected activity, including complaining to her employer about the harassment and hostile work environment, in violation of the Virginia Human Rights Act.

74. As a result of Defendant Prince Charles' retaliatory and discriminatory acts, Plaintiff has suffered loss of employment, and she has suffered and will continue to suffer serious, and upon information and belief, permanent injuries, pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life, and other non-pecuniary loss.

75. Defendant Prince Charles acted willfully toward Plaintiff with actual malice and/or with reckless disregard of the protected rights of Plaintiff so as to support an award of liquidated and exemplary damages.

**COUNT V: CLAIM FOR ASSAULT
AGAINST JAMES WILLIE GEORGE**

76. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

77. Plaintiff previously sued Defendant George in Pittsylvania County Circuit Court: Plaintiff filed that action, case No. CL20000198-00, on January 28, 2020, and non-suited it without prejudice on April 25, 2020.

78. Defendant George assaulted Plaintiff when he intentionally invaded her personal space, chased Plaintiff around Mr. Doe's household, and dropped his pants and shook his penis at Plaintiff.

79. Defendant George had no legal justification to assault Plaintiff, or otherwise act in the ways described herein toward Plaintiff.

80. Plaintiff did not consent to the assaults described herein, or to any physical contact alleged herein.

81. The actions of Defendant George were not justified and constitute assault under the common laws of the Commonwealth of Virginia.

82. As a result of Defendant George's actions, Plaintiff was caused to suffer loss of employment, and she was caused to suffer and continues to suffer serious, and upon information and belief, permanent injuries; inconvenience and pain of body and mind; shame; humiliation; embarrassment; she has been and will be in the future prevented from transacting her business and household duties; and she has incurred and will incur in the future medical and related expenses in an effort to treat and be cured of said injuries and the consequences thereof.

83. Defendant George had no legal justification to assault Plaintiff: his actions were willful, wanton and intentional, justifying an award of punitive damages.

### COUNT VI: CLAIM FOR ASSAULT AND BATTERY
### AGAINST JAMES WILLIE GEORGE

84. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

85. Defendant George assaulted and battered Plaintiff when he intentionally

    a. Bumped her hip with his hip,

    b. Grabbed Plaintiff's arm and pulled her toward him such that they were standing face to face,

    c. Pulled Plaintiff's hand onto his genitals,

    d. Placed his hands behind Plaintiff's back and thrusted his hips toward Plaintiff (while he had an erect penis), and

    e. Dropped his pants and shook his penis at Plaintiff.

86. Defendant George had no legal justification to place his hands on Plaintiff, or otherwise act in the ways described herein toward Plaintiff.

87. Plaintiff did not consent to the assaults and batteries described herein, or to any physical contact alleged herein.

88.     The actions of Defendant George were not justified and constitute assault and battery.

89.     As a result of Defendant George's actions, Plaintiff was caused to suffer loss of employment, and she was caused to suffer and continues to suffer serious, and upon information and belief, permanent injuries; inconvenience and pain of body and mind; shame; humiliation; embarrassment; she has been and will be in the future prevented from transacting her business and household duties; and she has incurred and will incur in the future medical and related expenses in an effort to treat and be cured of said injuries and the consequences thereof.

90.     Defendant had no legal justification to assault and batter Plaintiff: his actions were willful, wanton and intentional, justifying an award of punitive damages.

WHEREFORE, Sheila Crews prays for judgment against Defendants Prince Charles Home Healthcare Agency, LLC and James Willie George, and each of them, jointly and severally, for compensatory damages in the amount of $350,000, and punitive damages in the amount of $350,000, for injunctive and equitable relief, pre- and post-judgment interest from January 29, 2018, costs expended herein, and attorney's fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

### DEMAND FOR TRIAL BY JURY

Trial by jury is demanded on all issues on which Plaintiff is entitled to trial by jury.

Respectfully submitted,
SHEILA CREWS

*/s/ Meghan A. Strickler*
Of Counsel

Complaint
*Crews v. Prince George, et al.*
Page 14 of 14

Melvin E. Williams (VSB No. 43305)
   *mel@melwilliamslaw.com*
Meghan A. Strickler (VSB No. 88556)
   *meghan@melwilliamslaw.com*
MEL WILLIAMS PLC
1320 Third Street, SW
Roanoke, Virginia 24016
(540) 266-7800
(540) 206-3857 *facsimile*
    *Counsel for Plaintiff Sheila Crews*